# IN THE COURT OF APPEALS OF IOWA

No. 18-0073
Filed March 21, 2018

**IN THE INTEREST OF B.R. and A.R.,**
**Minor Children,**

**C.F., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Melody J. Butz of Butz Law Offices, PC, Center Point, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor children.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of her parental rights to her children. We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

**I. Reasonable Efforts.**

The mother first argues the State failed to make reasonable efforts to avoid terminating her parental rights because the Department of Human Services (DHS) did not provide drug testing to accommodate her September 2016 move to Illinois. Although the State has an obligation to make reasonable efforts toward reunification of the family, "a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005). The mother claims she preserved error on this issue by filing a timely notice of appeal. However, her failure to challenge the reasonableness of any services during the child-in-need-of-assistance (CINA) proceedings precludes her from raising this issue for the first time on appeal. *See id.; In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Regardless, the record shows the mother failed to participate in the services the DHS offered her. The juvenile court noted:

> [The mother] inconsistently participated in services and has been totally absent from offered services and the lives of her children for an extended period of time. For the past year she has not participated in any of the services included in the case plan and court orders. Efforts were made by the [DHS] to engage [the mother] in reunification services. Those efforts were not successful because of

[the mother]'s unwillingness to participate in offered services, including even visitation.

We find no merit in the mother's claim.

**II. Grounds for Termination.**

The mother next challenges the sufficiency of the evidence supporting the grounds for terminating her parental rights. Before terminating parental rights, the juvenile court must find clear and convincing evidence supporting one of the grounds for termination listed under section 232.116(1) (2016). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The juvenile court found the State met its burden of proving the grounds for termination set forth in section 232.116(1)(d) and (f). We need only find grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm. *S.R.*, 600 N.W.2d at 64.

With regard to section 232.116(1)(f), the mother challenges the sufficiency of the evidence supporting the fourth element of the paragraph—that her children could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing"). The mother claims that she had obtained safe and stable housing, was committed to a clean and sober lifestyle, and was attending her visits with the children. The record belies her claims. Rather, it shows that any progress the mother made in addressing her substance-abuse issues was erased when she relapsed in late 2016. The mother has failed to maintain regular contact with either the DHS or her children throughout the CINA proceedings. Clear and convincing evidence shows

the grounds for terminating the mother's parental rights pursuant to section 232.116(1)(f) have been met.

### III. Best Interests.

Finally, the mother contends that termination is not in the children's best interests. In making the best-interests determination, the primary considerations are "the child[ren]'s safety," "the best placement for furthering the long-term nurturing and growth of the child[ren]," and "the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The need for a permanent home is of primary importance. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home").

The record clearly establishes that termination of the mother's parental rights is in the children's best interests. The children have not lived with the mother since 2013. She never progressed beyond supervised visits with the children, and her attendance at those visits was sporadic. She has failed to provide the children with any support—physical, financial, or emotional—in the year leading up to termination of her parental rights.

Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Termination of the mother's parental rights will

provide the children with the safety and stability they need.  Accordingly, we affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**